J-S43041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RODERICK CHATMAN | |
| Appellant | No. 3536 EDA 2014 |

Appeal from the PCRA Order November 6, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005614-1993

BEFORE: GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED AUGUST 25, 2015**

Appellant, Roderick Chatman, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On November 18, 1992, Appellant and two accomplices kidnapped a married couple from a hotel and took their cash, jewelry, and credit and ATM cards. Appellant's accomplices then restrained the victims in Appellant's car while Appellant used the victims' ATM card to withdraw money.  Following a bench trial, the court convicted Appellant of robbery, kidnapping, and conspiracy.

The court sentenced Appellant on January 12, 1995, to an aggregate

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

term of five-and-one-half (5½) to eleven (11) years' incarceration, consecutive to a sentence Appellant was already serving in Virginia. While still represented by counsel, Appellant filed a *pro se* notice of appeal on February 21, 1995. On January 22, 1996, this Court dismissed the appeal as untimely, and our Supreme Court denied Appellant's petition for allowance of appeal on June 18, 1996.

Almost eighteen years later, on April 24, 2014, Appellant *pro se* filed the instant petition, which he styled as a "motion to arrest judgment and/or amend final order," in anticipation of the commencement of his sentence in Pennsylvania. The court treated the filing as a PCRA petition and appointed counsel on May 16, 2014. Counsel filed a **Turner/Finley**[2] "no-merit" letter and petition to withdraw on October 1, 2014. On October 3, 2014, the court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907, and granted counsel's petition to withdraw. Appellant filed no timely response to the Rule 907 notice.[3] The court dismissed the PCRA petition on November 6, 2014. Appellant timely filed a *pro se* notice of appeal on December 5, 2014. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Appellant *pro se* filed a purported "response" to the Rule 907 notice on February 18, 2015, after he had already appealed from the dismissal of the PCRA petition.

pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issue for our review:

> WHETHER APPELLANT'S INITIAL FILING TITLED "MOTION TO ARREST JUDGMENT AND/OR AMEND FINAL ORDER," *SUB JUDICE*, CONSTITUTED A POST CONVICTION RELIEF ACT PETITION?

(Appellant's Brief at 6) (unpaginated).

In his sole issue, Appellant asserts that his "motion to arrest judgment and/or amend final order" sought to correct the following alleged errors in the certified record: (1) the "offense code title" for Appellant's kidnapping conviction; (2) the omission of the number of days Appellant received for credit for time served, as ordered by the trial court at sentencing; and (3) the date Appellant filed his direct appeal. With respect to the third claim, Appellant argues the date correction is necessary because trial counsel represented to Appellant that his direct appeal would "resume" upon his return to Pennsylvania from Virginia, pursuant to the Agreement on Detainers.[4] Appellant contends none of these claims is cognizable under the PCRA because he sought only to correct the record, not challenge his conviction or sentence. Appellant concludes the court erred when it construed his filing as a PCRA petition and dismissed it as untimely. We disagree.

Any collateral petition, which raises issues with respect to remedies

---

[4] 42 Pa.C.S.A. §§ 9101-9108.

offered under the PCRA, will be considered a PCRA petition. ***Commonwealth v. Deaner***, 779 A.2d 578 (Pa.Super. 2001). The PCRA is intended as the sole means of obtaining post-conviction collateral relief and encompasses all other common law and statutory remedies that have the same purpose. 42 Pa.C.S.A. § 9542; ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa.Super. 2013). The PCRA contemplates challenges to the propriety of a conviction or sentence. ***Commonwealth v. Masker***, 34 A.3d 841 (Pa.Super. 2011) (*en banc*), *appeal denied*, 616 Pa. 635, 34 A.3d 841 (2012).

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008). A court may not examine the merits of a petition for post-conviction relief that is untimely. ***Commonwealth v. Abu-Jamal***, 574 Pa. 724, 735, 833 A.2d 719, 726 (2003), *cert. denied*, 541 U.S. 1048, 124 S.Ct. 2173, 158 L.Ed.2d 742 (2004). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. To invoke an exception, a

petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's first claim in his "motion to arrest judgment and/or amend final order," that the certified record references the wrong subsection of 18 Pa.C.S.A. § 2901 for his kidnapping convictions, is essentially a challenge to the correctness of those convictions. Therefore, Appellant's first claim is cognizable under the PCRA. *See Masker, supra*. Appellant's second argument, regarding the omission of information on credit for time served, implicates the legality of his sentence.[5] Thus,

_____

[5] To the extent Appellant asserts that "sentence calculation conflicts" will result from the absence of information regarding the time he allegedly spent in custody awaiting trial and/or sentencing, this complaint is speculative and
*(Footnote Continued Next Page)*

Appellant's second issue also is one to be brought under the PCRA. *See*

***Commonwealth v. Concordia***, 97 A.3d 366 (Pa.Super. 2014) (stating

challenge to legality of sentence is cognizable under PCRA).  With respect to

the Appellant's third claim, that the record incorrectly reflects the date he

filed his notice of appeal from his judgment of sentence, Appellant effectively

seeks to revive his direct appeal rights.  Therefore, Appellant's third claim is

likewise cognizable under the PCRA.[6]  ***See Commonwealth v. Hall***, 565 Pa.

92, 771 A.2d 1232 (2001).  Because all of Appellant's claims in his "motion

_____
*(Footnote Continued)*

premature.  Appellant's sentencing order indicates the trial court awarded him credit for time served.  If the Department of Corrections computes or interprets Appellant's sentence incorrectly, the proper mechanism for redress is to file an original action against the Department of Corrections in the Commonwealth Court.  ***See Allen v. Com., Dept. of Corrections***, 103 A.3d 365 (Pa.Cmwlth. 2014).

[6] Appellant asserts he is merely seeking to "continue" his appeal, which he initiated *pro se* before he returned to Virginia to complete his sentence there.  Nevertheless, this Court dismissed Appellant's appeal as untimely filed in 1996.  Both the docket and the stamped date on Appellant's notice of appeal indicate he filed it on February 21, 1995, more than thirty days after imposition of sentence on January 12, 1995.  Appellant attached to his current petition a mail return receipt dated January 24, 1995, which allegedly was for his notice of appeal.  The mail, however, was addressed to the trial court judge and not the clerk of courts for proper filing.  Additionally, despite Appellant's bare assertion that trial counsel stated the appeal would "resume" upon Appellant's return to the Commonwealth, Appellant makes no allegation of ineffective assistance of counsel with respect to trial counsel's alleged advice.  Likewise, Appellant does not suggest counsel was ineffective for failing to file a timely appeal.  Any ineffective assistance challenge would be cognizable under the PCRA in any event.  ***See Commonwealth v. Lynch***, 820 A.2d 728 (Pa.Super. 2003), *appeal denied*, 575 Pa. 692, 835 A.2d 709 (2003) (stating all constitutional claims of ineffective assistance of counsel may be reviewed under PCRA).

to arrest judgment and/or amend final order" are cognizable under the PCRA, the court properly treated Appellant's filing as a PCRA petition, subject to the PCRA's time restrictions. **See Deaner, supra**. Appellant's judgment of sentence became final on Monday, February 13, 1995, upon expiration of the time to seek a timely direct review with this Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant filed the current PCRA petition on April 24, 2014. Thus, Appellant's petition is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant made no attempt to plead and prove any exception to the PCRA's time restrictions, pursuant to Section 9545(b)(1), with respect to any of his claims. Accordingly, the court properly dismissed the petition as time-barred.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2015