J-S26008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DWAYNE JONES | |
| Appellant | No. 2534 EDA 2015 |

Appeal from the PCRA Order July 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0706831-2002
CP-51-CR-0710831-2002
CP-51-CR-0715641-2002
CP-51-CR-0715661-2002
CP-51-CR-0715671-2002
CP-51-CR-0715681-2002
CP-51-CR-0904311-2002

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 26, 2016**

Appellant, Dwayne Jones, appeals *pro se* from the order entered on July 13, 2015, dismissing a petition for a writ of *habeas corpus* and petitions pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The trial court briefly set forth the facts and procedural history of this case as follows:

> On September 24, 2002, [Appellant] entered an open guilty plea to nine counts of robbery and nine counts of possession of an instrument of crime.  On November 19, 2002, [Appellant] was sentenced to an aggregate term of twenty (20) to forty (40) years [of imprisonment].  After sentencing, [Appellant] filed a petition to withdraw his guilty

*Retired Senior Judge assigned to the Superior Court.

plea, which was denied on November 29, 2002. He also filed a motion to modify sentence which was denied on January 24, 2003.

[Appellant] did not file a direct appeal. On June 17, 2007, [Appellant] filed his first Post-Conviction Relief Act ("PCRA") petition. Counsel was appointed to represent him and subsequent thereto counsel filed a no-merit letter and motion to withdraw as counsel on April 29, 2010. The petition was formally dismissed on June 25, 2010, and counsel was permitted to withdraw. [Appellant] appealed the dismissal to the Superior Court. On February 17, 2011, the Superior Court dismissed [Appellant's] appeal for failure to file a brief.

On November 5, 2012, [Appellant] filed a petition for writ of *habeas corpus*. On July 18, 2013, [Appellant's] *habeas* petition was transferred from the Civil to the Criminal Division of the Court of Common Pleas of the First Judicial District. On November 5, 2013, [Appellant] filed an amended petition for writ of *habeas corpus*. On June 13, 2014, [Appellant] filed a PCRA petition. On January 27, 2015, the Supreme Court of Pennsylvania directed [the trial] court to adjudicate [Appellant's] pending petitions.

Upon review, [the trial court] determined that some of the issues [Appellant] raised in his *habeas* petitions fell under the provisions of the PCRA because they raised claims cognizable under the PCRA and that they were untimely raised. After carefully reviewing [Appellant's] *habeas* petitions and PCRA petition, [Appellant] was sent [] notice of intent to dismiss [pursuant to Pa.R.Crim.P. 907] on June 8, 2015. On June 18, 2015 [Appellant] filed a response to the notice to dismiss.

[Appellant's] petitions were dismissed on July 13, 2015. On July 24, 2015, [Appellant] filed a notice of appeal from the order dismissing his PCRA petition. Also, [Appellant] sought clarification as to what petitions were being dismissed. All petitions filed were extensively reviewed and were included in the dismissal. This include[d] the November 5, 2012, [] July 18, 2013, the November 5, 2013, and the June 13, 2014 petition[s].

- 2 -

Trial Court Opinion, 9/14/2015, at 1-3 (footnote and superfluous capitalization omitted).

On appeal, Appellant presents the following issues, *pro se*, for our review:[1]

> A. [Whether t]he trial court abused its discretion in dismissing Appellant's petition for writ of *habeas corpus* [] since he is confined absent a sentencing order [as] required by 42 Pa.C.S.A. § 9764(a)(8)[?]
>
> B. [Whether] Appellant's sentence of imprisonment with service of a consecutive term of probation constitutes an illegal split sentence that the court was without jurisdiction to impose[?]
>
> C. Is [] Appellant['s] sentence a nullity as the mandatory sentencing statutes in Pennsylvania have been ruled facially unconstitutional?

Appellant's Brief at 7, 12, and 14 (complete capitalization omitted).

In his first issue presented, Appellant claims that when he requested a copy of the sentencing order on his underlying convictions, the Department of Corrections (DOC) responded that it did not have it on record. *Id.* at 7. Appellant claims that "[b]ecause the [s]entencing [o]rder herein does not exist[,] the DOC lacks the authority to detain Appellant[.]" *Id.* at 10. "Appellant claims that as a result of the absence of a [s]entencing [o]rder in the DOC's possession[,] his confinement is illegal." *Id.*

---

[1] We note that Appellant's statement of questions presented does not correspond with the argument section of Appellant's brief. For clarity, we list the issues on appeal as they appear immediately preceding each claim in the argument section of Appellant's brief.

"Under Pennsylvania statute, *habeas corpus* is a civil remedy that lies solely for commitments under criminal process." **Joseph v. Glunt**, 96 A.3d 365, 369 (Pa. Super. 2014) (citation and bracket omitted). "The writ lies to secure the immediate release of one who has been detained unlawfully, in violation of due process." **Id.** (citation omitted). "Traditionally, the writ has functioned only to test the legality of the petitioner's detention." **Id.** (citation and bracket omitted). "*Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." **Id.** "[A] claim that a defendant's sentence is illegal due to the inability of the DOC to produce a written sentencing order related to his judgment of sentence constitutes a claim legitimately sounding in *habeas corpus.*" **Id.** at 368.

Our standard of review regarding a writ of *habeas corpus* is well-settled:

> On appeal, a trial court's decision to grant or deny a petition for a writ of *habeas corpus* will not be reversed absent an abuse of discretion. Instead, it involves bias, prejudice, partiality, ill-will, manifest unreasonableness, or a misapplication of the law. In contrast, a proper exercise of discretion conforms to the law and the facts of record.

**Commonwealth v. Carroll**, 936 A.2d 1148, 1152-1153 (Pa. Super. 2007).

Upon commitment of an inmate to the custody of the DOC:

> the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC–300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, […] [a] copy of the

- 4 -

sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S.A. § 9764(a)(8).

We previously determined:

The current version of 42 Pa.C.S. § 9764(a)(8) requires that a copy of the sentencing order be provided to the DOC upon commitment of an inmate to its custody. **However, it does not create any remedy or cause of action for a prisoner based upon the failure to provide a copy to the DOC.** The statute regulates the exchange of prisoner information between the state and county prison system, and does not provide a basis for *habeas* relief.

\*　　　\*　　　\*

The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Joseph*, 96 A.3d at 370-371 (footnote and citations omitted; emphasis in original).

Here, we conclude that the trial court properly treated Appellant's claim under *habeas* review and agree that he was not entitled to relief. Upon review of the certified record, the trial court entered a sentencing order in Appellant's case on November 19, 2002. Based upon the foregoing

law, the mere fact that the DOC did not produce a copy of it, does not entitle Appellant to relief. Thus, Appellant's first issue is without merit.

In his last two issues presented, Appellant claims that his sentence is illegal for two reasons. We will examine them together. First, Appellant claims the trial court was without authority or jurisdiction to sentence him to "a split sentence."[2] Appellant's Brief at 12. Next, relying upon the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), Appellant argues that the trial court illegally sentenced him to a mandatory minimum sentence under 42 Pa.C.S.A. § 9712.1 for committing a robbery with a firearm. **Id.** at 14. Both of these claims challenge the legality of a sentence and, thus, fall under the PCRA.[3]  42 Pa.C.S.A. § 9353(a)(2)(vii).

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Eichinger**, 108 A.3d 821, 830 (Pa. 2014) (bracket omitted). This Court previously determined:

_____

[2] When incarceration and probation are imposed on the same count of conviction, this is known as a split sentence. **Allen v. Com. Dept. of Corrections**, 103 A.3d 365, 368 n. (Pa. Cmwlth. 2014), citing **McCray v. Department of Corrections**, 872 A.2d 1127 (Pa. 2005). "When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010).

[3]  We note that Appellant does not challenge the trial court's decision to treat these claims under the PCRA.

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA [does] not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

**Commonwealth v. Taylor**, 65 A.3d 462, 465-466 (Pa. Super. 2013).

"[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007). Stated differently, "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." **Taylor**, 65 A.3d at 465 (citation omitted).

This Court stated:

The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

\* \* \*

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the

three limited exceptions to the time for filing the petition [….] are met.[4] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame[.]

*Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (internal citations and quotations omitted).

Here, Appellant was sentenced on November 19, 2002 and moved for post-sentence relief on January 8, 2003. On January 24, 2003, the trial court denied Appellant's post-sentence motion to modify his sentence. No direct appeal followed. Thus, Appellant's sentence became final on February 24, 2003, 30 days after the denial of his post-sentence motion and the

---

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

subsequent expiration of the appeal period. *See* Pa.R.Crim.P. 720(a) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed [] within 30 days of the entry of the order deciding the motion."); *see also* Pa.R.A.P. 903 ("notice of appeal [] shall be filed within 30 days after the entry of the order from which the appeal is taken."). The PCRA petitions at issue, filed in November 2012 and June 2014, were patently untimely and Appellant did not assert any exceptions to the PCRA's jurisdictional timing requirement. Hence, the trial court did not have jurisdiction to entertain Appellant's remaining sentencing claims.

Finally, we note that Appellant filed his PCRA petition raising his *Alleyne* claim on June 13, 2014, almost a full year after *Alleyne* was decided on June 17, 2013. Hence, he did not present the claim within 60 days of the date the claim could first have been presented. Moreover, during the pendency of this appeal, our Court issued an opinion in the case of *Commonwealth v. Ruiz*, 2015 WL 9632089 (Pa. Super. 2015), which definitely determined that *Alleyne* is not retroactive and cannot serve as the basis for invoking the timeliness exception found at 42 Pa.C.S.A. § 9545(b)(1)(iii). In *Ruiz*, we concluded:

> *Alleyne* does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. *See* ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014). In concluding *Alleyne* does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the *Miller* Court explained:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases **in which the judgment of sentence had become final.** This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Id.** at 995 (citations omitted) (emphasis supplied). Furthermore, this Court also recently declined to give **Alleyne** retroactive effect to cases on **timely** collateral review when the defendant's judgment of sentence was finalized before **Alleyne** was decided. **See Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015).

In **Riggle**, after the defendant was sentenced on August 7, 2009, this Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal on December 15, 2011. **Id.,** 119 A.3d at 1061–1062. Riggle filed a timely PCRA petition on December 18, 2012, and, when the PCRA court issued notice of intent to dismiss the petition, Riggle responded and claimed that his sentence was illegal under **Alleyne**. **See id.,** 119 A.3d at 1062.

In considering whether the United States Supreme Court's June 17, 2013, decision in **Alleyne** should apply to cases on collateral review, the **Riggle** Court held that while **Alleyne** "undoubtedly is a new constitutional rule," it does not meet the test for retroactive application during collateral review as set forth in the United States Supreme Court's decision, **Teague v. Lane**, 489 U.S. 288 (1989) (plurality). **Riggle, supra**, 119 A.3d at 1066. Specifically, the panel concluded the rule announced in **Alleyne** was neither substantive, nor a "watershed" procedural rule, that is, "necessary to prevent an impermissibly large risk of an inaccurate conviction and alters the understanding of the bedrock procedural elements essential to the fairness of a proceeding." **Id.** Therefore, the **Riggle** Court found that because "the fundamental fairness of the trial or sentencing is not seriously undermined, [] **Alleyne** is not entitled to

retroactive effect **in this PCRA setting.**" *Id.* at 1067 (emphasis supplied).

*Ruiz*, 2015 WL 9632089, at *3 (emphasis in original).[5]

As Appellant raised his final two sentencing claims in untimely PCRA petitions, not subject to exception to the PCRA's one-year time-bar, we discern no abuse of discretion or error of law in denying relief on his second and third issues as presented.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/26/2016</u>

---

[5]  We note that the future of the *Riggle* holding is uncertain. This Court granted *en banc* review in several cases dealing with retroactive application of *Alleyne* in timely filed PCRA petitions. *See*, *e.g.*, *Commonwealth v. Aybar*, 1224 MDA 2014 (October 26, 2015). Moreover, on December 2, 2015, the Pennsylvania Supreme Court granted allowance of appeal on another similar case. *See Commonwealth v. Washington*, 127 A.3d 1287 (Pa. 2015). However, as Appellant's PCRA petition is untimely, *Riggle,* and any subsequent interpretation of that case, are inapplicable here and *Ruiz* controls.