**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISIAH A. ALLEN | : | |
| | : | No. 218 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order December 15, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009990-2014,
CP-51-CR-0011255-2014, CP-51-CR-0011256-2014,
CP-51-CR-0011257-2014, CP-51-CR-0011263-2014,
CP-51-CR-0011264-2014

BEFORE:   LAZARUS, RANSOM, and PLATT,* JJ.

MEMORANDUM BY RANSOM, J.:                     **FILED NOVEMBER 13, 2017**

Appellant, Isiah A. Allen, appeals from the order entered December 15, 2016, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant was charged with various offenses arising from the theft of cellular phones and tablets, which he removed from the displays of various Verizon and AT&T stores between January 8, 2014, and February 6, 2014. Notes of Testimony (N.T.), 5/11/2015, at 10-11.  On May 11, 2015, Appellant entered into a non-negotiated guilty plea in six consolidated cases to three counts each of misdemeanor retail theft and misdemeanor conspiracy in the first degree, two counts each of felony retail theft in the third degree and felony conspiracy in the third degree, and one count of misdemeanor

_____
*   Retired Senior Judge assigned to the Superior Court.

possession of an instrument of crime.[1]

On August 13, 2015, Appellant was sentenced to one and one-half to five years of incarceration on each of the charges to run concurrently with each other, with credit for time served and without RRRI eligibility. Appellant did not file a post-sentence motion or direct appeal from the judgment of sentence.

On December 11, 2015, Appellant *pro se* filed a PCRA petition. Counsel was appointed and filed an amended petition on May 6, 2016, asserting ineffective assistance of plea counsel. On November 15, 2016, the PCRA court served Appellant with notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Thereafter, the PCRA court denied Appellant's petition without an evidentiary hearing. ***See*** Order, 12/15/2016.

Appellant timely filed a notice of appeal and court-ordered 1925(b) statement, asserting two issues: (1) the court erred in denying relief on his substantive claim and (2) the court erred in failing to holding an evidentiary hearing. ***See*** Appellant's 1925(b) Statement, 2/13/2017, at 1. The PCRA court issued a responsive opinion.

On appeal, Appellant pursues only one issue:

1. Did the [l]ower [c]ourt err in failing to hold an evidentiary hearing to determine substantial issues of material fact alleged in Appellant's PCRA petition?

Appellant's Br. at 9.

_____

[1] 18 Pa.C.S. §§ 3929(a)(1), 903, 907(a), respectively.

- 2 -

Appellant challenges an order denying his petition for collateral relief in which he asserted ineffective assistance of plea counsel. Generally, the following standards apply.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We presume counsel is effective. **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence that: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Id.** (quoting **Strickland v. Washington**, 466 U.S. 668, 694 (1984)). A claim will be denied if the petitioner fails to meet any one of these requirements.

- 3 -

***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing

***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007));

***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

We review allegations of counsel's ineffectiveness in connection with a

guilty plea as follows:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations

and internal quotation marks omitted). In determining whether a plea was

entered knowingly and voluntarily, this Court considers the totality of the

circumstances surrounding the plea. ***Commonwealth v. Flanagan***, 854

A.2d 489, 513 (Pa. 2004).

In the issue he pursues on appeal, Appellant asserts that an evidentiary

hearing is required to determine whether counsel was ineffective. Appellant's

Br. at 13. Appellant avers that he alleged facts in his PCRA petition which, if

true, established that counsel's advice caused him to enter an unknowing plea.

***See*** Appellant's Br. at 15 (suggesting he could have withdrawn his plea).

Specifically, according to Appellant, he relied on representations by plea counsel regarding the credit he would receive for time served, and such representations turned out to be incorrect. *See* Appellant's Br. at 13. Appellant suggests that these allegations raise factual issues regarding counsel's effectiveness. *Id.* at 13. Thus, Appellant requests that this Court remand for an evidentiary hearing. *Id.* at 19.

Notably, Appellant concedes that there is no evidence in the record to establish plea counsel's ineffectiveness. *See* Appellant's Br. at 13. Thus, Appellant has abandoned the substantive claim that he preserved in his 1925(b) statement. *Id.* at 19. *See* Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Accordingly, we limit our analysis to Appellant's request for remand for a hearing and apply the following standard.

> The right to an evidentiary hearing on a post-conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. The controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition.

*Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002) (internal citations omitted). Where factual proffer, even if believed, fails to establish substantive claim, no evidentiary hearing is required. *Commonwealth v.*

*Ligons*, 971 A.2d 1125, 1146 (Pa. 2009).

Appellant's allegations are not supported by the record established at his plea and sentencing hearings. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003); *see also Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) ("one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements").

The PCRA court found that the record of oral and written guilty plea colloquies demonstrate that Appellant entered his plea voluntarily, knowingly, and intelligently. *See* PCRA Ct. Op., 4/5/2017, at 3. At the guilty plea hearing, Appellant denied that any promises had been made to him. *See* Notes of Testimony (N.T.), 5/11/2015, at 9. Appellant was informed of the potential range of sentences that could be imposed on each count. *See id.* at 12-14. On each of his written plea colloquies Appellant certified that no promises were made to him. *See* PCRA Ct. Op., at 3. Further, "the question of his time credit was specifically discussed at sentencing by [Appellant's] counsel." *Id.* at 4. Plea counsel specifically said: "I don't think he has any time credit." *Id.* (quoting N.T., 8/13/2015, at 11). Plea counsel informed the court on the record that any credit for time served for Appellant's Philadelphia convictions would be limited because he was also serving time in connection

with convictions in Montgomery and in Delaware County, as described in Appellant's Pre-Sentence Investigation Report (PSI). N.T., 8/13/2015, at 11. Appellant's sentence specified that credit for time served would be determined by the Department of Corrections (DOC). *Id.* at 19; *see also* Sentencing Order, 8/13/2015. "At no point did Appellant question those statements or assert that he had been made specific time credit promises." PCRA Ct. Op., at 4.

Appellant is bound by his statements and they cannot be contradicted. *See Pollard, supra*. Based on the evidence from the guilty plea, PSI, and plea counsel's statements at sentencing, there exist no genuine substantive issues of material fact raised by Appellant's petition. *See* Pa.R.Crim.P. 907(2); *see Ligons, supra*. Accordingly, the PCRA court did not err in dismissing Appellant's petition without an evidentiary hearing. *See Payne*, 794 A.2d at 906-907 (affirming PCRA court order dismissal of petition without a hearing where record revealed no genuine issues of material fact).[2]

Order affirmed. Jurisdiction relinquished.

Judge Lazarus joins the memorandum.

Judge Platt concurs in the result.

---

[2] Should Appellant dispute the DOC's calculation, then he would still have redress in a proceeding in an original action in the Commonwealth Court challenging DOC's computation. "A challenge to DOC's computation or construction of a sentence is not a cognizable claim under the PCRA. Rather, if the alleged error is the result of DOC's erroneous computation, then the appropriate mechanism for redress is an original action in [the Commonwealth] Court challenging DOC's computation." *Allen v. Commonwealth*, 103 A.3d 365, 373 (Pa. Cmwlth. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/13/2017