J-S32029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON JAMES TIDD | : | |
| | : | |
| Appellant | : | No. 401 WDA 2021 |

Appeal from the PCRA Order Entered March 4, 2021
In the Court of Common Pleas of Crawford County
Criminal Division at CP-20-CR-0000555-2012

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: NOVEMBER 19, 2021**

Brandon James Tidd (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  Also, Appellant's counsel has petitioned to withdraw from representation.  We affirm and grant counsel permission to withdraw.

On January 10, 2013, Appellant pled guilty to accidents involving death or personal injury[1] arising from a hit-and-run accident which resulted in the death of a bicyclist.  On March 6, 2013, the trial court sentenced Appellant to 1 to 6 months of incarceration, followed by 4 years of probation.  Appellant did not appeal.

During the ensuing years, Appellant repeatedly violated the terms of his probation.  Relevant to this appeal, the trial court found Appellant in violation

_____

[1] 75 Pa.C.S.A. § 3742(a).

of his probation on November 16, 2018, following a **Gagnon**[2] hearing. The court stated: "Shortly after successfully completing the State Intermediate Punishment Program [(SIP)] on February 7, 2018, [Appellant] relapsed into Methamphetamine use as early as May." Order, 11/16/18, at 1 (unnumbered); **see also id.** (stating Appellant had committed new crimes). The trial court revoked Appellant's probation and resentenced him to 25 - 60 months of incarceration. In the sentencing order, the court directed that Appellant receive credit for time he had served toward the SIP sentence. **See id.** at 2 (unnumbered) ("[Appellant] is entitled to and the Department of Corrections [(DOC)] shall apply to [Appellant] such credit that [he] is entitled to receive while serving the State Intermediate Punishment sentence.").[3] Appellant did not file post-sentence motions or a direct appeal.

More than two years later, on February 8, 2021, Appellant filed a *pro se* PCRA petition raising the sole claim that the DOC failed to give him credit for time served toward the SIP sentence. **See** PCRA Petition, 2/8/21, at 4 ("I was not granted time … that the Judge to[ld] DOC to grant me. That time I am entitled to.").

---

[2] **See Gagnon v. Scarpelli**, 411 U.S. 778, 782 (1973) (due process requires a probationer be given a preliminary (**Gagnon I**) and final (**Gagnon II**) hearing prior to revoking probation).

[3] The trial court stated it was unsure about the amount of credit.

On February 17, 2021, the PCRA court issued a memorandum and order pursuant to Pa.R.Crim.P. 907, giving Appellant notice of its intent to dismiss the petition without a hearing. The court reasoned:

[Appellant] couches his request as a petition for post conviction collateral relief, but such a request is not cognizable under the Post Conviction Relief Act (PCRA).[4] ***Commonwealth v. Wyatt***, 115 A.3d 876, 889-80 (Pa. Super. 2015) ("This claim [that the DOC 'miscalculated the credit for time served awarded by the trial court'] is not cognizable under the PCRA."); ***Commonwealth v. Heredia***, 97 A.3d 392[, 395] (Pa. Super. 2014) [("It is only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence is deemed cognizable as a due process claim in PCRA proceedings." (citation and brackets omitted))]. [Appellant's] petition, although filed on the criminal docket, is in essence a civil action against the DOC, over which [the] Commonwealth Court has exclusive original jurisdiction. 42 Pa.C.S. § 761(a), (b) [(governing jurisdiction of Commonwealth Court)]; ***see Wyatt***, 115 A.3d at 877 ("The appropriate vehicle for [a]ppellant's claim is an original action filed in the Commonwealth Court of Pennsylvania.")

[4] [Appellant's] request, as a PCRA petition, is also facially untimely, because his judgment of resentence became final in [December 2018,] when he did not file a post-sentence motion or direct appeal, and his petition was docketed more than one year later. ***See*** 42 Pa.C.S. § 9545(b) [(providing all PCRA petitions must be filed within 1 year of the judgment of sentence becoming final, unless the petitioner meets one of the enumerated timeliness exceptions)].

The Court intends, therefore, to dismiss [Appellant's] petition for lack of subject matter jurisdiction. ***See***, ***e.g.***, ***Commonwealth v. Jackson***, 858 A.2d 627[, 630] (Pa. Super. 2004) (*en banc*) (affirming the dismissal, due to lack of jurisdiction, of a petition to stop the [] 20% deductions from the petitioner's inmate account for costs and restitution).

> This is [Appellant's] first PCRA petition, and counsel must ordinarily be appointed to represent an indigent first-time petitioner. **See** Pa.R.Crim.P. 904(C) [("when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.")]. In the absence of jurisdiction, however, the Court declines to do so. **Cf. Commonwealth v. Hart**, 911 A.2d 939[, 942] (Pa. Super. 2006) (affirming dismissal without the appointment of counsel where the petitioner was ineligible for PCRA relief, having completed his sentence).

Memorandum and Order, 2/17/21, at 1-2 (one footnote in original; remaining footnotes omitted). Appellant timely filed a *pro se* response; however, he did not address the jurisdictional impediments identified by the PCRA court.

By order entered March 4, 2021, the PCRA court dismissed Appellant's PCRA petition.[4] Appellant timely filed a *pro se* notice of appeal. On March 29, 2021, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The order instructed Appellant that "any issue not properly included in the Statement timely filed and served as directed above shall be deemed waived." Order, 3/29/21, at 2; **see also** Pa.R.A.P. 1925(b)(4)(vii) (any issues not raised in the statement are waived).

---

[4] In its order, the PCRA court again explained to Appellant that the remedy for the relief he seeks (*i.e.*, credit for time served toward his SIP sentence) "is for [Appellant] to file a civil action against the DOC in the Commonwealth Court once he has exhausted any administrative remedies available to him." Order, 3/4/21, at 1-2.

- 4 -

Appellant failed to file a Rule 1925(b) statement. Instead, Appellant sent a *pro se* letter to the PCRA court dated May 3, 2021. He again challenged the DOC's failure to award credit for time served, and claimed he had been diagnosed with cancer. In response, the PCRA court opined that Appellant's letter "perhaps constitutes an extraordinary circumstance permitting acceptance of [Appellant's] letter as a *nunc pro tunc* statement of errors." PCRA Court Rule 1925(a) Opinion, 5/13/21, at 2 (citing **Commonwealth v. Kearney**, 92 A.3d 51, 59 (Pa. Super. 2014) (observing Pa.R.A.P. 1925(b)(2)(i) provides that in "extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*")).

On April 23, 2021, this Court entered an order noting Appellant did not have the benefit of appointed counsel in his first PCRA petition. **See** Pa.R.Crim.P. 904(C), **supra**. Accordingly, we directed the PCRA court to make a determination as to whether Appellant was entitled to counsel. In response, the PCRA court issued a letter, filed May 4, 2021, explaining Appellant was not entitled to counsel and referencing the reasons the court had stated in its February 17, 2021 memorandum and order.

Appellant subsequently filed a *pro se* application for appointment of counsel with the Crawford County Public Defender's Office. On July 16, 2021, Public Defender Emily M. Merski, Esquire (Attorney Merski) filed an application for special relief in this Court on Appellant's behalf, asking us to decide

whether Appellant was entitled to the appointment of counsel. In a *per curiam* order entered July 27, 2021, we granted Attorney Merski's application. **See** Order, 7/27/21 ("as Attorney Merski has submitted her appearance on behalf of Appellant to this Court on July 14, 2021, the application is GRANTED. Appellant is represented in this Court on this appeal by Attorney Merski.").[5]

On August 24, 2021, Attorney Merski filed with this Court an application for leave to withdraw as Appellant's counsel, simultaneously with an **Anders**[6] brief. Appellant did not respond to these filings.

Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009) (overruled on other grounds by **Commonwealth v. Bradley**, 2021 WL 4877232, at *15 (Pa. Oct. 20, 2021) ("we now . . . abandon **Pitts**'s . . .

---

[5] Contrary to the PCRA court's determination, an indigent PCRA petitioner is entitled to representation of counsel on a first PCRA petition "**despite** any apparent untimeliness of the petition or the apparent **non-cognizability of the claims presented**." **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001) (emphasis added).

[6] **Anders v. California**, 386 U.S. 738 (1967). We note the procedure set forth in **Anders** is not the appropriate vehicle for withdrawing from PCRA representation. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003). Rather, when counsel seeks to withdraw on collateral appeal, the procedure outlined in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), must be followed. However, because an **Anders** brief provides greater protection to a defendant, this Court may accept it in lieu of a **Turner**/**Finley** letter. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

approach as the sole procedure for *challenging PCRA counsel's effectiveness*")
(italics added)).    The **Pitts** Court explained that such independent review
requires proof of:

> 1) A "no-merit" letter by PCRA counsel detailing the nature and
> extent of his [or her] review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the
> petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of
> why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the
> record; and
>
> 5) The PCRA court agreeing with counsel that the petition was
> meritless.

*Id.* (citation and brackets omitted).

Our review of the record discloses that Attorney Merski has complied
with the above requirements.  Attorney Merski (1) set forth the issue Appellant
wished to have reviewed; (2) stated she has conducted a complete
examination of the record and applicable law; (3) determined there are no
non-frivolous arguments to support Appellant's sole claim; and (4) explained
why the claim is meritless.  **See Anders** Brief at 5-6 (citing, *inter alia*,
**Commonwealth v. Booze**, 245 A.3d 1041 (Pa. Super. 2020) (unpublished
memorandum at *9) ("because the Department of Corrections has a non-
discretionary duty to apply credit for time served, the PCRA does not afford a
remedy for an incorrect calculation of minimum-maximum sentences.")); **see
also Commonwealth v. Daniels**, 947 A.2d 795, 798 (Pa. Super. 2008)

(where counsel incorrectly sought leave to withdraw on collateral appeal under *Anders*, this Court could address the merits of appellant's claims on appeal because counsel's *Anders* brief complied with *Turner*/*Finley*). In addition, Attorney Merski mailed Appellant a letter, dated August 24, 2021, informing him of (1) counsel's intention to seek permission to withdraw from representation; and (2) his rights in lieu of representation. *See Commonwealth v. Friend*, 896 A.2d 607, 614 (Pa. Super. 2006) (abrogated in part by *Pitts*, *supra*) (requiring counsel seeking to withdraw in collateral proceedings to advise the PCRA petitioner of counsel's decision to withdraw and the petitioner's right to proceed *pro se* or with assistance of privately retained counsel if counsel is granted permission to withdraw); *see also Widgins*, 29 A.3d at 818 (same). As Attorney Merski has complied with the *Turner*/*Finley* requirements, we proceed to independently review the record and the merits of Appellant's claim.

On behalf of Appellant, Attorney Merski presents a single issue: "WHETHER THE PCRA COURT ERRED WHEN IT DENIED THE APPELLANT'S PCRA PETITION?" Appellant's Brief at 3.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Hand*, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation omitted).

We conclude the PCRA court properly dismissed Appellant's PCRA petition because his claim is not cognizable.[7] *See Heredia*, *supra*; *Wyatt*, *supra*; *see also Allen v. Commonwealth*, 103 A.3d 365, 373 (Pa. Cmwlth. 2014) ("[T]he PCRA contemplates only challenges to the propriety of a conviction or a sentence. A challenge to DOC's computation or construction of a sentence is not a cognizable claim under the PCRA. Rather, if the alleged error is the result of DOC's erroneous computation, then the appropriate mechanism for redress is an original action in [the Commonwealth] Court challenging DOC's computation." (citations and quotation marks omitted)). Thus, the appropriate way for Appellant to challenge the DOC's purported failure to credit him for time served is an original action filed in Commonwealth Court. *See Wyatt*, 115 A.3d at 877; *Allen*, 103 A.3d at 373. The PCRA court **repeatedly** and clearly explained this to Appellant.

_____

[7] Even if Appellant's claim was cognizable, we lack jurisdiction to address it because he did not file the PCRA petition within 1 year of his judgment of sentence becoming final, nor did he plead or prove any of the PCRA time bar exceptions. *See* 42 Pa.C.S.A. § 9545(b), *supra*; *Commonwealth v. Reid*, 235 A.3d 1124, 1140 (Pa. 2020) ("If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition." (citation and brackets omitted)).

Accordingly, the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing. Further, Attorney Merski is entitled to withdraw as Appellant's counsel for the reasons discussed above.[8]

Order affirmed. Application for leave to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2021

---

[8] Attorney Merski entered her appearance on Appellant's behalf after the dismissal of his petition. If Appellant, in the future, should petition the court and raise issues cognizable under the PCRA, the petition shall be construed as his first PCRA petition, with the rights associated therewith, including the appointment of PCRA counsel. **See** Pa.R.Crim.P. 904(C); **Kutnyak**, **supra**.