# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Allen,                                    :
                    Petitioner            :
                                           :
        v.                              :   No. 187 M.D. 2014
                                           :   Submitted: June 27, 2014
Commonwealth of Pennsylvania,                  :
Department of Corrections,                     :
                  Respondent            :

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: August 27, 2014**

Before this Court in our original jurisdiction is the preliminary objection in the nature of a demurrer of the Department of Corrections (DOC) to a petition for review in the nature of mandamus (petition) filed by inmate Todd Allen, representing himself. DOC challenges the legal sufficiency of the petition, asserting Allen lacks a clear right to the credit he seeks, DOC does not have a corresponding duty, and other adequate remedies exist. Also before us is Allen's application for summary relief (application). For the reasons that follow, we overrule DOC's preliminary objection, and we grant Allen's application.

## I. Facts Averred

Allen filed the petition and application requesting this Court order DOC to award him credit for time served. In his filings, Allen avers the following facts. Allen is an inmate incarcerated at the State Correctional Institutional at Greene. Allen pled guilty and was convicted of possession with intent to deliver

4.5 grams of crack cocaine, under Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (the Drug Act),[1] which he claims is a second degree felony that carries a statutory maximum term of 10 years in prison. On December 11, 2003, the Court of Common Pleas of Philadelphia County (sentencing court) sentenced Allen to 11½ to 23 months of house arrest, plus 8 years of probation for this crime (original sentence).[2]

## A. First Violation of Parole (VOP) Re-Sentence

On June 9, 2004, after Allen committed a technical violation of house arrest, the sentencing court revoked Allen's probation. In this first VOP re-sentencing, the court imposed a new sentence of two to four years' incarceration, plus a consecutive four years' probation. Allen served time from June 29, 2004 to January 12, 2007. On January 12, 2007, Allen was paroled.

On April 4, 2007, the Pennsylvania Board of Probation and Parole (Board) recommitted Allen on a technical parole violation. DOC held Allen in custody from April 17, 2007 to June 9, 2008, at which point he began serving the consecutive four years' probation. Credit for the service of time on Allen's first VOP re-sentencing is at issue here.

---

[1] Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §780-113(a)(30).

[2] When incarceration and probation are imposed on the same count of conviction, this is known as a split sentence. McCray v. Dep't of Corr., 872 A.2d 1127 (Pa. 2005).

2

**B. Second VOP Re-Sentence**

Allen again violated his probation, and the sentencing court re-sentenced him. The court imposed four more years of probation on February 10, 2009.

**C. Third VOP Re-Sentence**

Then, on December 15, 2009, following another violation of probation, the sentencing court revoked Allen's probation and re-sentenced him to 59 to 119 months of incarceration, which equals 4 years, 11 months to 9 years, 11 months. Importantly, the sentencing court ordered "credit for any time previously served on this matter as determined by prisons." Pet'r's Pet. for Review, Ex. B, (Tr. Ct. Order, 12/15/09, at 1).

Allen avers he served time from June 29, 2004 to January 12, 2007, and from April 4, 2007, to June 9, 2008, for a total of approximately three years and eight months (time served) on his first VOP re-sentence.[3] He contends this time served should be credited to his third VOP re-sentence in accord with the sentencing court's order. He claims that when his time served is added to his third VOP re-sentence, it equals 8 years, 7 months to 13 years, 7 months, which exceeds the 10-year statutory maximum allowed for his original second degree felony conviction. Without credit applied, his third VOP re-sentence is illegal.

---

[3] Our calculation of this time period is approximately three years, nine months. However, the figure of three years and eight months is supported by DOC's staff response to Allen's inmate request regarding the length of his incarceration. Pet'r's Pet. for Review, Ex. C.

Allen requested DOC credit him with time served of three years and eight months in accordance with the third VOP re-sentencing order. DOC denied the request, responding that time spent in custody after sentencing is applied towards satisfaction of the sentence being served and that awarding the same period as a credit would constitute the application of a duplicate credit.

Significantly, Allen attached several documents to his petition: DOC's letter denying Allen's request for credit; the sentencing court's December 15, 2009 re-sentencing order; DOC's staff response to Allen's inmate request advising him he served three years, eight months on his first VOP re-sentence, page one of a three-page probation revocation court commitment form; and, a central repository record showing DOC maintained custody of Allen from April 17, 2007 to June 9, 2008. See Pet'r's Pet. for Review, Exs. A-E. Allen also attached part of the transcript from his Post-Conviction Relief Act[4] (PCRA) hearing to his answer to DOC's preliminary objection as well as his brief. See Pet'r's Answer, Ex. B; Pet'r's Br., Ex. B.

Claiming DOC disregarded the sentencing court's order, Allen seeks an order from this Court directing DOC to credit his third VOP re-sentence with the time served of three years and eight months. Allen argues that if DOC does not credit time served, his third VOP sentence exceeds the 10-year statutory maximum for the underlying second degree felony charge, which is illegal.

---

[4] 42 Pa. C.S. §§9541-9546.

In response, DOC filed a preliminary objection in the nature of a demurrer to the petition, and an answer to the application. DOC asserts Allen does not have a clear right to relief because it is not clear whether the underlying criminal conviction carries a maximum of 10 or 15 years as cocaine is a schedule II narcotic. Allen is not entitled to credit for time served if the aggregated sentences do not exceed the statutory maximum. Additionally, DOC contends it does not have a duty to credit time served. Finally, DOC objects because alternative remedies are available to Allen.

## II. Discussion

In ruling on an application for summary relief, the court must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there are no genuine issues as to any material facts and the right to judgment is clear as a matter of law. McSpadden v. Dep't of Corr., 886 A.2d 321 (Pa. Cmwlth. 2005).

In considering a demurrer, we accept as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible therefrom. Aviles v. Dep't of Corr., 875 A.2d 1209 (Pa. Cmwlth. 2005). However, conclusions of law and unjustified inferences are not so admitted. Griffin v. Dep't of Corr., 862 A.2d 152 (Pa. Cmwlth. 2004).

In addition, courts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it. Lawrence v. Dep't of Corr., 941 A.2d 70 (Pa. Cmwlth. 2007). It is not necessary to accept as true any averments in the complaint that conflict with

5

exhibits attached to it. Id. A demurrer must be sustained where it is clear and free from doubt the law will not permit recovery under the alleged facts; any doubt must be resolved by a refusal to sustain the demurrer. Kretchmar v. Commonwealth, 831 A.2d 793 (Pa. Cmwlth. 2003).

A proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty. McCray v. Dep't of Corr., 872 A.2d 1127 (Pa. 2005); Detar v. Beard, 898 A.2d 26 (Pa. Cmwlth. 2006). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." Detar, 898 A.2d at 29. This Court may only issue a writ of mandamus where: (1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the defendant possesses a corresponding duty to perform the act; and, (3) the petitioner possesses no other adequate or appropriate remedy. Id. Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases. Id.

Notwithstanding, mandamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit. Black v. Dep't of Corr., 889 A.2d 672 (Pa. Cmwlth. 2005). However, mandamus is not available to challenge DOC's failure to give credit where the sentencing order is either ambiguous or does not specify the credit at issue. See McCray; Black; Aviles. In addition, mandamus is not an appropriate remedy to cure an illegal sentencing order. Aviles.

6

With these principles in mind, we examine DOC's demurrer and Allen's petition and application.

### A. Clear Right to Relief

Allen contends he has a clear right to relief based on the express terms of the sentencing order. The sentencing court directed DOC to credit Allen with time previously served against his third VOP re-sentence. DOC refused to apply this credit. Without credit, Allen claims his combined sentence exceeds the statutory maximum, which is illegal. McCray (total confinement cannot exceed the legal maximum established for the crime); accord Commonwealth v. Williams, 662 A.2d 658 (Pa. Super. 1995) (credit for time previously served in prison required where the failure to accord time credit would result in illegal aggregate sentence exceeding statutory maximum).

DOC objects, claiming Allen's right to relief is not clear. DOC contends Allen's challenge goes to the legality of the sentencing court's order, not its computation. DOC did not credit time served towards Allen's third VOP re-sentence because it applied this time towards satisfaction of the first VOP re-sentence. See Pet'r's Pet. for Review, Ex. A (DOC Ltr., 12/9/13, at 1). DOC asserts it is not required to credit time served where the aggregated sentences do not exceed the maximum term. In other words, it is DOC's position that there can be no credit for time served unless the aggregated sentences exceed the statutory maximum.

According to DOC, the underlying crime of possession with intent to deliver carries a maximum term of 15 years, not 10.[5] Consequently, the third VOP re-sentence, without credit, does not exceed the statutory maximum and is legal. Thus, DOC claims, Allen is not entitled to credit for time served.

---

[5] According to DOC, possession with intent to deliver is an ungraded felony. Pursuant to Section 13(f)(1) of the Drug Act, a person who violates subsection (a)(30) with respect to "[a] controlled substance ... classified in [s]chedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding **fifteen years** ...." 35 P.S. §780-113(f)(1) (emphasis added) (footnote omitted). Section 4(2)(i)(4) of the Drug Act, 35 P.S. §780-104(2)(i)(4), provides "[c]oca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances ..." are classified as schedule II narcotics. Upon conviction, the penalty is a prison term not exceeding 15 years. See Commonwealth v. $673 Cash, 2011 WL 10844931 (Pa. Cmwlth., No. 1045 C.D. 2010, filed February 1, 2011) (unreported); Diaz v. Pa. Bd. of Prob. & Parole, 2008 WL 9406354 (Pa. Cmwlth., No. 346 C.D. 2010, filed October 12, 2010) (unreported).

However, Section 13(f)(1.1) of the Drug Act provides a person who violates subsection (a)(30) with respect to "coca leaves and any salt, compound, derivative or preparation of coca leaves ... is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding **ten years** ...." 35 P.S. §780-113(f)(1.1) (emphasis added); see Commonwealth v. Whitmore, 912 A.2d 827 (Pa. 2006) (classifying possession with the intent to deliver or delivery of cocaine as felony punishable by a maximum term of 10 years' imprisonment); Commonwealth v. Wallace, 870 A.2d 838 (Pa. 2005) (same); Fisher v. Pa. Bd. of Prob. & Parole, 62 A.3d 1073 (Pa. Cmwlth. 2013) (same); Commonwealth v. Crump, 995 A.2d 1280 (Pa. Super. 2010) (same). Further, according to the Basic Sentencing Matrix available at 204 Pa. Code §303.16(a), possession with intent to deliver between two and five grams of cocaine is considered a second degree felony. Allen was convicted of possession with intent to deliver 4.5 grams of crack cocaine. Section 1103(2) of the Crimes Code provides "[i]n the case of a felony of the second degree, for a term which shall be fixed by the court at not more than **ten years**." 18 Pa. C.S. §1103(2) (emphasis added).

Resolution of this legal issue requires additional information, such as the transcript from the 2009 third VOP re-sentencing and documents relating to the 2003 conviction and original sentence, which we do not have. Moreover, resolution of the issue implicates the legality of the 2009 re-sentencing, which is the type of issue that the sentencing court or the Superior Court on appeal usually resolves, not this Court in a mandamus proceeding. See McCray; Williams.

8

DOC's characterization that Allen challenges the legality of his sentence is inaccurate. Allen's real allegation of error is that DOC did not follow the sentencing court's order, which specifically awarded credit for time served. Allen seeks mandamus to compel DOC to implement the sentencing order by awarding credit for time served. He is not challenging the propriety of his sentence in his mandamus action.

Mandamus is an appropriate remedy, even when the VOP sentence does not exceed the maximum, if the sentencing order clearly gives credit. Oakman v. Dep't of Corr., 893 A.2d 834 (Pa. Cmwlth. 2006) (Oakman I); Black. This Court granted mandamus relief where the sentencing court awarded the inmate specific credit for time served, but DOC did not apply the credit, even though the VOP sentence did not exceed the maximum. See, e.g., Oakman v. Dep't of Corr., 903 A.2d 106 (Pa. Cmwlth. 2006) (Oakman II); McSpadden; cf. Hoyt v. Pa. Dept. of Corr., 79 A.3d 741 (Pa. Cmwlth. 2013) (mandamus petition dismissed where sentencing order did not order credit for time served).

Regardless of whether the statutory maximum term is 10 or 15 years or whether the aggregated sentences without credit exceed the statutory maximum, the critical query in a mandamus action is what did the sentencing court actually intend. See Black. "A sentence ... is to be construed so as to give effect to the intention of the sentencing judge." Commonwealth, ex rel. Powell v. Dep't of Corr., 14 A.3d 912, 915 (Pa. Cmwlth. 2011) (quoting Com. v. Green, 335 A.2d 392, 393 (Pa. Super. 1975)). The text of the sentencing order is determinative of the court's sentencing intentions and the sentence imposed. Commonwealth v. Borrin, 80 A.3d 1219 (Pa. 2013).

9

Here, the sentencing court sentenced Allen to 59 to 119 months' incarceration. Notably, the sentencing court awarded credit as a condition of sentencing. Specifically, the court ordered "credit for any time previously served on this matter as determined by prisons." Pet'r's Pet. for Review, Ex. B (emphasis added). Thus, the sentencing order expressly and unambiguously awarded credit, triggering DOC's duty.[6]

According to DOC's staff response to inmate request, Allen served approximately three years and eight months on his first VOP re-sentence. Pet'r's Pet. for Review, Ex. C (DOC Staff Resp. to Inmate Req., 5/29/13). DOC does not dispute the amount of time served or that this time relates to the original offense.

The sentencing court clearly intended that Allen serve 59 to 119 months less any time previously served on sentences relating to the original conviction. DOC did not credit Allen's sentence with time served in contravention

---

[6] Allen attached part of the transcript from his PCRA hearing to his answer to the preliminary objection. See Pet'r's Answer, Ex. B. According to the transcript, the sentencing court stated:

> You have raised the issue all along the line that my sentence was illegal. My sentence was never illegal. The maximum sentence for Possessing With Intent to Deliver Cocaine is five to ten years. I never gave you anything more than that. I gave you a sentence that was close to that, but I said you should get credit for any time that you deserved from my sentence. That makes your sentence legal. I have no control over what the Prison is saying as to how much time you have served.

Id. Notwithstanding, we restricted our review to the sentencing order. See Commonwealth v. Borrin, 80 A.3d 1219 (Pa. 2013); Commonwealth, ex rel. Powell v. Pa. Dept. of Corr., 14 A.3d 912 (Pa. Cmwlth. 2011). The clear language of the sentencing order supports our decision.

of the sentencing court's order.  Therefore, Allen is entitled to the credit he seeks.  See Oakman II; Oakman I; McSpadden.

## B. Corresponding Duty

Next, DOC objects on the grounds it does not have a corresponding duty to credit time served.  DOC contends it maintains custody of Allen pursuant to the 59 to 119 months sentence, which is not patently illegal.  DOC asserts it is faithfully implementing the sentencing court's order.

While mandamus is an extraordinary writ, it can be used to compel DOC to honor particular sentencing orders or to compute a prisoner's sentence properly.  Saunders v. Dep't of Corr., 749 A.2d 553 (Pa. Cmwlth. 2000).  The law is clear that DOC is "an executive branch agency that is charged with faithfully implementing sentences imposed by the courts."  McCray, 872 A.2d at 1133.  Where a sentencing court clearly gives credit against the VOP sentence for time served, it is DOC's duty to carry out that sentencing order.  Oakman I; Black; McSpadden.  DOC is bound to follow a trial court's order granting an inmate credit for time served.  Oakman II.

Here, the sentencing court specifically directed DOC to credit Allen's sentence with "any time previously served on this matter."  Pet'r's Pet. for Review, Ex. B.  The sentencing order triggered DOC's duty to credit Allen's sentence accordingly.  See McCray; Oakman II; Black; McSpadden.  By refusing to credit time served, DOC did not comply with the sentencing court's order.  As it is DOC's duty to faithfully implement the sentencing court's order, we overrule DOC's preliminary objection.

11

## C. Alternate Remedy

Finally, DOC argues mandamus is not appropriate as other adequate or appropriate remedies are available to Allen. DOC maintains Allen's challenge goes to the legality of the sentencing court's order, not its computation.

A challenge to the legality of a sentence is properly raised before the sentencing court or on direct appeal to the Superior Court. McCray; Aviles; Williams. More particularly, an inmate may raise such a challenge by way of an objection at the sentencing hearing, on post-sentence motions, on direct appeal to the Superior Court, or by way of a petition under the PCRA. Aviles. The PCRA specifically "provides for an action by which ... persons serving illegal sentences may obtain collateral relief." Section 9542 of the PCRA, 42 Pa. C.S. §9542.

However, "the PCRA contemplates only challenges to the propriety of a conviction or a sentence." Commonwealth v. Masker, 34 A.3d 841, 843 (Pa. Super. 2011) (en banc). A challenge to DOC's computation or construction of a sentence is not a cognizable claim under the PCRA. Commonwealth v. Owens, 936 A.2d 1090 (Pa. Super. 2007); Commonwealth v. Perry, 563 A.2d 511 (Pa. Super. 1989). Rather, if the alleged error is the result of DOC's erroneous computation, then the appropriate mechanism for redress is an original action in this Court challenging DOC's computation. Oakman I; Perry.

Contrary to DOC's assertions, Allen is not challenging the legality of his third VOP re-sentence. Rather, Allen is challenging DOC's computation of time based on the sentencing court's order. The sentencing court directed credit for "any time previously served on this matter" as determined by DOC. Pet'r's

Pet. for Review, Ex. B. It is DOC's refusal to credit time served on this matter, not the sentence at issue.

Moreover, according to Allen's answer, he filed a PCRA action, which the sentencing court denied.[7] Pet'r's Answer, ¶¶16-19; id., Ex. B (PCRA Hr'g, Notes of Testimony, 8/22/13). The sentencing court advised, "if you disagree with what the Prison has calculated, then that is something that should be filed in Commonwealth Court." Pet'r's Answer, Ex. B (emphasis added). Thus, we reject DOC's contention that other adequate or appropriate remedies are available to Allen to compel the proper calculation of time served. We overrule DOC's preliminary objection.

### III. Conclusion

Having accepted as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible therefrom, Allen established: a clear right to relief to receive credit for time served, DOC's corresponding duty to apply credit to his third VOP re-sentence, and the lack of other adequate or appropriate remedies. Thus, we overrule DOC's demurrer.

Because there are no genuine issues as to any material facts and the right to judgment is clear as a matter of law, we grant Allen's application. Allen took a lenient house arrest sentence and by his post-sentencing conduct transformed it into a five to ten year state prison sentence. Nevertheless, since the

---

[7] Allen filed an appeal of the denial of his PCRA claim with the Superior Court, which is pending. See Commonwealth v. Allen (Pa. Super., No. 2528 EDA 2013).

13

sentencing court's intention is explicit, we direct DOC to credit Allen's third VOP re-sentence with time served of three years and eight months.


                                        _____
                                          ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Allen,                     :
               Petitioner        :
                                 :
           v.                    :    No. 187 M.D. 2014
                                 :
Commonwealth of Pennsylvania,    :
Department of Corrections,         :
                 Respondent    :

# **O R D E R**

**AND NOW**, this 27th day of August, 2014, Respondent's preliminary objection in the nature of a demurrer is **OVERRULED**. Petitioner's application for summary relief is **GRANTED**. Respondent is hereby ordered to credit Petitioner's sentence with time served of three years and eight months.

_____
ROBERT SIMPSON, Judge
