# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Vincent Evans II,　　　　　　:
　　　　　　　Petitioner　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　: No. 356 M.D. 2018
　　　　　　　　　　　　　　　　　　: SUBMITTED: April 5, 2019
John E. Wetzel,　　　　　　　　　　:
　　　　　　　Respondent　　　　　　:


BEFORE:　　HONORABLE ROBERT SIMPSON, Judge
　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER　　　　　　　　　　　　　　FILED: July 24, 2019


Respondent John E. Wetzel, Secretary of the Pennsylvania Department of Corrections (Secretary), has filed preliminary objections to the Petition for Writ of Mandamus and/or Extraordinary Relief (Mandamus Petition) filed by Anthony Vincent Evans II (Evans). Evans seeks to compel the Pennsylvania Department of Corrections (Department) to recalculate his maximum sentence date to reflect credit for time served prior to sentencing. After careful review, we overrule the Secretary's preliminary objections and direct him to answer the Mandamus Petition within 30 days.

## I. Background

Beginning in 2010, Evans was arrested several times on various charges. He was in and out of confinement and spent periods of time on probation, on parole, and

in State Intermediate Punishment (SIP).[1] After Evans was expelled from SIP for failing to comply with the SIP guidelines, the Court of Common Pleas of Lehigh County (Sentencing Court) issued an order in January 2018 sentencing him to serve a state sentence of nine months to three years, with credit for all time spent in custody. Of significance here, Evans claims the time spent in custody for which he was entitled to credit included the period from August 27, 2015 to February 5, 2016. He contends he was in custody awaiting sentencing during that period. The Department disputes that contention.

Evans subsequently filed both a *pro se* "Motion for Time Credit" in the Sentencing Court and an inmate grievance with the Department. In both filings, Evans challenged the Department's calculation of time to be credited under the Sentencing Court's January 2018 order.

The Sentencing Court denied Evans's Motion on the basis that the Department had already performed a time credit calculation. The Department upheld Evans's grievance in part and denied it in part. Relevant here, the Department denied credit for the time period between August 27, 2015 and February 5, 2016, on the basis that Evans was not in the Department's custody at that time.

Both the Sentencing Court and the Department advised Evans that he would need to proceed through a court action to seek further relief. Accordingly, Evans filed his Mandamus Petition in this Court.

---

[1] State Intermediate Punishment (SIP) is designed for individuals convicted of drug-related offenses. Under SIP, the inmate will serve a flat sentence of 24 months in a combination of prison time, a community-based therapeutic community, outpatient treatment, and supervised reintegration into the community. Each participant in the SIP program has an individualized treatment plan. A person who fails in the program due to misconduct or poor progress in treatment will be subject to resentencing by the court under traditional sentencing guidelines. State Intermediate Punishment, PENNSYLVANIA DEPARTMENT OF CORRECTIONS, https://www.cor.pa.gov/About%20Us/Initiatives/Pages/SIP.aspx (last visited July 23, 2019).

## II. Issues

Evans contends that the Sentencing Court's January 2018 order placed a clear and unambiguous duty upon the Department to calculate his sentence correctly so as to reflect "time credit for all time spent in custody as a result of the criminal charge" that led to his January 30, 2018, sentence. Mandamus Petition, ¶¶9, 11, 20. Accordingly, Evans claims he is entitled to credit for "the time period he was lawfully incarcerated at the Lehigh County Jail pending a sentence on this case," *i.e.*, the 162-day period between August 27, 2015 and February 5, 2016. Mandamus Petition, ¶¶7, 17, 21.

The Secretary demurs to the Mandamus Petition,[2] arguing that the Department complied with the Sentencing Court's January 2018 order and cannot give Evans credit for additional time toward his sentence that the Sentencing Court did not order. The Secretary further asserts Evans has no clear right to relief.

The Secretary also challenges the propriety of a mandamus action. He argues that Evans must challenge the computation of his sentence via either a direct appeal to the Superior Court or a petition in the Sentencing Court pursuant to the Post Conviction Relief Act (PCRA).[3]

## III. Discussion

In ruling on a preliminary objection, we accept as true all well-pleaded material allegations in the petition for review and all inferences reasonably deduced

---

[2] The Secretary also filed preliminary objections on the basis of improper service and failure to attach a time calculation document to the Mandamus Petition. We overruled the service objection by order dated November 7, 2018. Evans filed the time calculation document as an attachment to his response to the Secretary's preliminary objections. Therefore, we deem the Secretary to have abandoned his preliminary objection to the time calculation document's absence from the Mandamus Petition.

[3] 42 Pa. C.S. §§ 9542-46.

3

from those allegations. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). We need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* We will sustain a preliminary objection only when it appears with certainty that the law will not permit recovery. *Id.* Any doubt is resolved in favor of overruling the preliminary objection. *Id.*

Mandamus is an extraordinary remedy designed to compel the performance of a ministerial act or mandatory duty. *Allen v. Pa. Dep't of Corr.*, 103 A.3d 365 (Pa. Cmwlth. 2014). Its purpose is not to establish legal rights, but to enforce rights already established beyond dispute. *Id.*

Mandamus is not available to challenge the Department's failure to give credit where the sentencing order is either ambiguous or does not specify the credit at issue. *Id.* However, mandamus may be appropriate to seek correction of an error in the Department's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question, but the Department's computation does not include that credit. *Id.*

Here, the Sentencing Court's January 2018 order explicitly directed that Evans receive credit for all time spent in custody. Under *Allen*, this imposed a mandatory, non-discretionary duty upon the Department to calculate Evans's sentence so as to reflect all applicable time credit. *Id.*

In his Mandamus Petition, Evans avers that he was in custody for 162 days in Lehigh County Jail between August 27, 2015 and February 5, 2016, awaiting sentencing. The Department has not awarded credit towards his sentence for this period of time, based on its averment that he was not in the Department's custody.

4

Taking Evans's averments as true, we cannot find that he has failed to articulate a proper mandamus claim.

The Secretary's contention that Evans has other more appropriate avenues of potential relief misapprehends the applicable law. The PCRA authorizes a challenge to the *legality* of a sentence, either before the sentencing court or on direct appeal to the Superior Court. 42 Pa. C.S. § 9542. However, a challenge to the Department's *computation or construction* of a sentence is not a cognizable claim under the PCRA; rather, the appropriate mechanism for redress of the Department's erroneous calculation is an original action in this Court. *Allen*.

## IV. Conclusion

Mandamus is an appropriate cause of action under the circumstances pleaded in the Mandamus Petition. Evans has articulated a facially viable mandamus claim. Accordingly, we overrule the Secretary's preliminary objection demurring to the Mandamus Petition and direct him to file an answer thereto within 30 days.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Vincent Evans II,      :
           Petitioner     :
                            :
       v.               :  No. 356 M.D. 2018
                            :
John E. Wetzel,            :
           Respondent   :

## **O R D E R**

AND NOW, this 24th day of July, 2019, Respondent John E. Wetzel's preliminary objection demurring to Petitioner Anthony Vincent Evans II's Petition for Writ of Mandamus and/or Extraordinary Relief (Mandamus Petition) is OVERRULED. Respondent shall have 30 days to answer the Mandamus Petition.

_____
ELLEN CEISLER, Judge