IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Recovery : 
Organizations Alliance Inc., : 
              Petitioner : 
 : 
 : 
         v. : No. 30 M.D. 2022
 : Submitted: November 23, 2022
Department of Drug and Alcohol : 
Programs of the Commonwealth of : 
Pennsylvania, : 
              Respondent : 

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT            FILED: February 15, 2023

          Pennsylvania Recovery Organizations Alliance, Inc. (Recovery Alliance) has filed a petition for review seeking to enjoin certain actions of the Department of Drug and Alcohol Programs of the Commonwealth of Pennsylvania (Department). Recovery Alliance asserts that the Department has delegated a governmental function to a private entity and promulgated a regulation without following the mandatory procedures therefor. Before the Court is the Department's preliminary objection in the nature of a demurrer that seeks the petition's dismissal.[1] For the reasons that follow, we overrule the preliminary objection.

---

[1] Recovery Alliance filed an initial petition for review on January 24, 2022, and an amended petition for review on March 21, 2022. The preliminary objection concerns the amended petition for review, which is referenced herein as either "petition for review" or "amended petition for review."

The "Department of Drug and Alcohol Programs" was created in 2010 by amendment to The Administrative Code of 1929.[2] This amendment tasked the Department with establishing "a State plan for the control, prevention, intervention, treatment, rehabilitation, research, education and training aspects of drug and alcohol abuse and dependence problems." Section 2301-A(1) of The Administrative Code of 1929, 71 P.S. §613.1(1). Specifically, the Department has been directed to establish licensing standards for "private and public treatment and rehabilitative facilities," which includes their personnel. Section 2301-A(1)(xviii) of The Administrative Code of 1929, 71 P.S. §613.1(1)(xviii). The Department must establish training programs for professional and nonprofessional personnel in such facilities and must organize and participate in programs of public education. Section 2301-A(1)(xiv) of The Administrative Code of 1929, 71 P.S. §613.1(1)(xiv). To that end, the Department is authorized to promulgate rules and regulations. Section 2301-A(9) of The Administrative Code of 1929, 71 P.S. §613.1(9).

Recovery Alliance is a non-profit community organization that supports individuals in addiction recovery and educates the public on addiction and recovery. Recovery Alliance is staffed by and for persons in substance abuse recovery. Its stated mission is "to advocate and educate" and "eliminate the stigma and discrimination" towards those with substance abuse problems, with the aim of ensuring health, hope, and justice for those in recovery. Amended Petition for Review, ¶1. Recovery Alliance provides no direct treatment or state-funded recovery support services. *Id*.

---

[2] Act of April 9, 1929, P.L. 177, *as amended*, added by the Act of July 9, 2010, P.L. 348, 71 P.S. §§613.1-613.19.

2

To advance its mission, Recovery Alliance has developed curricula for those seeking to become credentialed as a Certified Recovery Specialist (CRS) or a Certified Family Recovery Specialist (CFRS) (together, Recovery Specialist). Recovery Alliance provides training to private organizations, academic groups, county governments, and other community organizations, including those in marginalized and low-income communities. Amended Petition for Review, ¶3. In 2008 and 2009, Recovery Alliance spearheaded an effort to create a first-of-its-kind Recovery Specialist credential by bringing together recovery community organizations, with funding provided by counties and by the Department of Health, Bureau of Drug and Alcohol Programs.[3] *Id.*, ¶4. Out of this effort came Recovery Alliance's Recovery Specialist credential, which included "core competencies." *Id.*, ¶5.

The Pennsylvania Certification Board (PCB)[4] is a private, non-profit corporation that credentials a variety of behavioral health professionals, including Recovery Specialists. Notably, the core competencies created by Recovery Alliance

---

[3] The Bureau's duties were later absorbed by the Department after its creation in 2010.

[4] PCB describes itself as

> a private, non-profit corporation offering voluntary credentialing to behavioral and community health professionals. PCB implements standards and testing for certification of addiction counselors, prevention specialists, clinical supervisors, auxiliary professionals, recovery and peer specialists, family recovery specialists, intervention professionals, and community health workers.

> PCB is dedicated to public protection by establishing and monitoring certification standards for professionals in the behavioral and community health fields in addition to providing management and consultation services.

https://www.pacertboard.org/about (last visited February 14, 2023).

have been included in the Recovery Specialist credential offered by other associations, including PCB. Amended Petition for Review, ¶5.

PCB suggested that the Department increase the training requirements for Recovery Specialists, asserting that there were ethical concerns about those who were currently credentialed. Amended Petition for Review, ¶6. The Department responded by authorizing PCB to "take control" of the training standards for a Recovery Specialist credential and provided the funding for that undertaking. *Id.*, ¶7. These training standards became the private property of PCB, which was given the exclusive right to offer training statewide. *Id.* The Department's appointment of PCB abrogated existing training curricula, including those of Recovery Alliance. *Id.*, ¶9. By authorizing PCB to expand and standardize the Recovery Specialist credential, the Department gave PCB the authority to modify the certification requirements at will and "to erect barriers to entering the addiction treatment workforce[.]" *Id.*, ¶24.

Recovery Alliance filed a petition for review seeking declaratory and injunctive relief. It contends that the Department has improperly promulgated a binding regulation and delegated governmental responsibilities to a private entity, *i.e.*, PCB, whose training requirements now have the force of law and are non-negotiable. However, before it can require the exclusive use of PCB-promulgated Recovery Specialist training requirements, the Department must comply with the Commonwealth Documents Law,[5] the Regulatory Review Act,[6] and the Commonwealth Attorneys Act.[7] Instead, the Department's adoption of the PCB-

---

[5] Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§1102-1602, and 45 Pa. C.S. §§501-907.

[6] Act of June 25, 1982, P.L. 633, *as amended*, 71 P.S. §§745.1.-745.14.

[7] Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. §§732-101-732-506.

4

promulgated Recovery Specialist training requirements circumvents the regulatory review process and constitutes an unconstitutional delegation of a governmental responsibility to a private entity. Amended Petition for Review, ¶¶29-72.

Recovery Alliance asks this Court to declare the Department's transition to PCB-promulgated training requirements to constitute a rulemaking subject to the Commonwealth Documents Law, the Regulatory Review Act, and the Commonwealth Attorneys Act and an unlawful delegation of governmental power to PCB. It requests an injunction to reinstate the *status quo ante* that existed prior to the PCB-promulgated training programs, until such time as the Department may duly promulgate a regulation. Amended Petition for Review at 27-28.

In response, the Department filed a preliminary objection in the nature of a demurrer. It contends that the Department has not promulgated a regulation or delegated its function to a private entity. In support, the Department explains that it does not certify or train Recovery Specialists, let alone require Recovery Specialist certification or training by PCB, or any entity, as a condition of receiving funding from the Department. Further, the Department's contract for services from PCB did not establish a binding norm. The Department argues that "[f]unding PCB's development of a standardized training curriculum for CRSs" cannot be considered a delegation of a governmental function to a private entity because there is no credential required for Recovery Specialists. Department Brief at 14. The Department has merely contracted with a private entity to offer a training program.

In considering the Department's preliminary objection under Pa. R.Civ.P. 1028(a)(4) (demurrer), this Court must consider as true all well-pleaded material facts set forth in the petition for review and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth.

5

2010).  We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion."  *Id.*  To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them."  *Id.*

In short, to sustain the Department's demurrer we must accept as true the allegations of Recovery Alliance and, then, conclude that there is no legal basis upon which Recovery Alliance may prevail.  Recovery Alliance argues that the Department's arguments in support of a demurrer are premised on facts contrary to Recovery Alliance's averments and supporting exhibits.  For example, the Department argues that funding to facilities is not tied to the use of PCB's credentialing system and that the PCB credentialing system was created solely for PCB.  Recovery Alliance contends it would be improper for this Court to grant the Department's preliminary objection where such factual disagreements exist.

Recovery Alliance's petition for review asserts that the Department has created a binding norm without adhering to the requirements for promulgating a regulation.  The Department acknowledges that "[a] regulation has the effect of a 'binding norm.'"  Department Brief at 10 (quoting *Shrom v. Pennsylvania Underground Storage Tank Indemnification Board*, 261 A.3d 1082, 1093 (Pa. Cmwlth. 2021), *appeal granted*, 272 A.3d 1290 (Pa. 2022)).  To determine whether an agency has attempted to establish a binding norm, we consider the language of the norm, the manner of implementation, and whether it restricts the agency's discretion.  *Northwestern Youth Services, Inc. v. Department of Public Welfare*, 1 A.3d 988, 993 (Pa. Cmwlth. 2010), *affirmed*, 66 A.3d 301 (Pa. 2013).

6

In *Northwestern Youth Services*, we explained the difference between a regulation, which creates a binding norm, and a statement of policy, which does not. Quoting our Supreme Court, we stated:

> The critical distinction between a substantive rule and a general statement of policy is the different practical effect that these two types of pronouncements have in subsequent administrative proceedings . . . . A properly adopted substantive rule establishes a standard of conduct which has the force of law . . . .
>
> A general statement of policy, on the other hand, does not establish a 'binding norm' . . . . A policy statement announces the agency's tentative intentions for the future.

*Id*. (quoting *Pennsylvania Human Relations Commission v. Norristown Area School District*, 374 A.2d 671, 679 (Pa. 1977)). A binding norm is a regulation. *Eastwood Nursing and Rehabilitation Center v. Department of Public Welfare*, 910 A.2d 134, 144 (Pa. Cmwlth. 2006) (internal citation omitted).

The Department argues that its licensing regulations "do not impose qualification requirements for non-clinical positions," such as Recovery Specialist. Department Preliminary Objection, ¶18. In addition, the Department does not require a "CRS" or "CFRS" to undergo any training. *Id*., ¶23. The Department argues that Recovery Alliance may continue to use its approved training without any interference, permission, or interaction of any kind from the Department or PCB. *Id*., ¶21. The Department contends that it is not required to promulgate a regulation to hire a vendor to develop and provide training for Recovery Specialists.

The amended petition for review includes a February 10, 2021, e-mail from PCB's Director of Training and Education, Deborah Hass, to the Department's Chief of Training, Tim Rader. It states as follows:

> PCB is pleased to announce the new standardized Recovery Specialist initial training is being scheduled at locations across

7

the Commonwealth. *This curriculum is required for all who are interested in obtaining the [CRS] or [CFRS] credentials.*

Amended Petition for Review, Exhibit D (emphasis added). When reviewing preliminary objections, the Court may consider the facts pled in the complaint as well as "documents or exhibits attached to it." *Allen v. Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

The above-quoted e-mail specifically states that the PCB curriculum is "required for all" seeking to be a credentialed recovery specialist. Amended Petition for Review, Exhibit D. This email together with the allegations in the amended petition for review support the claim of Recovery Alliance that the Department has established a binding norm under the analytical framework of *Northwestern Youth Services*, 1 A.3d at 993. It cannot be said with certainty that the Department's action did not require a regulation promulgated in accordance with the Commonwealth Documents Law, the Regulatory Review Act, and the Commonwealth Attorneys Act.

The Department contends that Recovery Alliance failed to raise *any* legally sufficient claim in its petition for review. In its brief in support of its demurrer, the Department framed the issue as follows: "Whether the Amended Petition [for Review] fails to identify action by [the Department] that amounts to a binding norm *or* delegation of authority, therefore precluding [Recovery Alliance's] claims?" Department Brief at 3 (emphasis added). Recovery Alliance is only required to make out a viable legal claim in regard to *one* of the Department actions to defeat the Department's demurrer. Accordingly, we need not address the

8

Department's demurrer to Recovery Alliance's claim that the Department has improperly delegated its authority to PCB.[8]

For the above reasons, we overrule the Department's preliminary objection and direct it to answer Recovery Alliance's amended petition for review.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[8] The legislature requires "a State plan for the control, prevention, intervention, treatment, rehabilitation, research, education and *training* aspects of drug and alcohol abuse and dependence problems," under Section 2301-A(1) of The Administrative Code of 1929, 71 P.S. §613.1(1) (emphasis added). Recovery Alliance asserts that the Department has delegated its responsibility with respect to the training of personnel involved with the treatment of drug and alcohol abuse to PCB. At this juncture, the assertion cannot be easily dismissed.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Recovery
Organizations Alliance Inc., :
Petitioner :
:
v. : No. 30 M.D. 2022
:
Department of Drug and Alcohol :
Programs of the Commonwealth of :
Pennsylvania, :
Respondent :

## **O R D E R**

AND NOW, this 15th day of February, 2023, the preliminary objection of the Department of Drug and Alcohol Programs of the Commonwealth of Pennsylvania to the amended petition for review filed by Pennsylvania Recovery Organizations Alliance Inc. is OVERRULED. The Department of Drug and Alcohol Programs of the Commonwealth of Pennsylvania is directed to file an answer to the amended petition for review within 30 days of the date of this Order.

_____
MARY HANNAH LEAVITT, President Judge Emerita