IN THE COMMONWEALTH COURT OF PENNSYLVANIA

K.D. Green,                            :
                    Petitioner         :
                                       :
          v.                           :
                                       :
Tom Wolf, Governor of                  :
Pennsylvania,                          :    No. 336 M.D. 2021
                    Respondent         :    Submitted: April 22, 2022


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED: July 5, 2022

          Before this Court are Governor of Pennsylvania Tom Wolf's (Governor
Wolf) preliminary objections (Preliminary Objections) to K.D. Green's (Green) pro
se Application for Relief Pursuant to Pennsylvania Rule of Appellate Procedure
(Rule) 123 from the Denial of Parole on August 30, 2021, by the Pennsylvania Board
of Probation and Parole (Parole Board) (Petition)[1] filed in this Court's original
jurisdiction. After review, this Court sustains Governor Wolf's First Preliminary
Objection and transfers Green's Petition to the Philadelphia County Common Pleas
Court.

---

[1] On October 22, 2021, this Court ordered that Green's application "shall be treated as a
Petition for Review [(Petition)] addressed to this Court's original jurisdiction." October 22, 2021
Order at 1.

## Background[2]

On February 13, 1995, Green was adjudicated guilty of first degree murder and sentenced to life imprisonment without the opportunity for parole pursuant to Section 1102(a) of the Crimes Code.[3] Green is currently an inmate at the State Correctional Institution (SCI) at Benner.[4]

Green applied to the Parole Board for parole, and, on August 30, 2021, the Parole Board denied Green parole, stating: "Upon review of your application for parole and the Department of Corrections['] [(DOC)] records of your sentencing, it appears that you are serving a life sentence and are therefore not eligible for parole

---

[2] The facts are those as averred by Green in the Petition.

[3] Section 1102(a) of the Crimes Code provides:

> **First degree.--**
>
> (1) Except as provided under [S]ection 1102.1 [of the Crimes Code, 18 Pa.C.S. § 1102.1] (relating to sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer), a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with [Section 9711 of the Sentencing Code,] 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree).
>
> (2) The sentence for a person who has been convicted of first degree murder of an unborn child shall be the same as the sentence for murder of the first degree, except that the death penalty shall not be imposed. . . .

18 Pa.C.S. § 1102(a).

[4] Although the Petition reflects that Green was an inmate at SCI-Rockview when he filed the Petition, according to the Pennsylvania Department of Corrections' inmate locator, he is currently incarcerated at SCI-Benner. *See* www.inmatelocator.cor.pa.gov/#/Result (Inmate No. CQ9674) (last visited July 1, 2022). Green was convicted and sentenced in Philadelphia County. *See id*.

consideration based on [Section 6137(a) of the Prisons and Parole Code (Parole Code)], 61 Pa.C.S. § 6137(a)."[5]  Petition Ex. A.

On September 23, 2021, Green filed the Petition in this Court, challenging the constitutionality of Section 1102(a) of the Crimes Code because it "was not passed by [] way of a [b]ill[,] and [it was] arbitrarily changed without notice from 'a term of life imprisonment' to 'life imprisonment without the right to parole,' [which Green] became aware of after he was denied parole by the [Parole Board] on [August 30,] 2021."[6]  Petition ¶ 3.  Green claims that the title and contents of Section 1102(a) of the Crimes Code fail to put a reasonable person on notice of the statute's contents.  *See* Petition ¶ 8.  Green also filed a Motion to Proceed *In Forma Pauperis*, which this Court granted on October 22, 2021.

On November 3, 2021, Governor Wolf filed the Preliminary Objections, arguing: (1) this Court lacks jurisdiction to decide the Petition (First Preliminary Objection); (2) Green failed to exhaust his administrative remedies under the Post Conviction Relief Act (PCRA)[7] (Second Preliminary Objection); and (3) Green failed to state a valid claim upon which relief may be granted (Third Preliminary Objection).

On November 29, 2021, Green filed an answer in opposition to the Preliminary Objections.  On December 13, 2021, this Court ordered the parties to file briefs in support of their positions, which they did.

---

[5] Section 6137(a)(1) of the Parole Code specifies that the Parole Board "may release on parole any offender to whom the power to parole is granted to the [Parole B]oard . . . , except an offender condemned to death or serving life imprisonment[.]"  61 Pa.C.S. § 6137(a)(1).

[6] Article III, section 1 of the Pennsylvania Constitution declares: "No law shall be passed except by bill, and no bill shall be so altered or amended, on its passage through either House, as to change its original purpose."  PA. CONST. art. III, § 1.

[7] 42 Pa.C.S. §§ 9541-9546.

**Discussion**

Initially, the law is well settled:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

**First Preliminary Objection**

Governor Wolf first objects to Green's Petition under Pennsylvania Rule of Civil Procedure (Civil Rule) 1028(a)(1) on the basis that this Court lacks jurisdiction. Pa.R.Civ.P. 1028(a)(1). Governor Wolf specifically contends that, as this Court declared in *Dockery v. Wolf*, 259 A.3d 566 (Pa. Cmwlth. 2021), Section 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i), explicitly excludes PCRA actions from this Court's original jurisdiction.

4

The Pennsylvania Supreme Court has ruled that an inmate's claim that his continued incarceration under Section 1102(a) of the Crimes Code is unconstitutional because he was not afforded notice that his life sentence was without parole is an **illegal sentence claim cognizable under the PCRA**.[8] *See Commonwealth v. Moore*, 247 A.3d 990 (Pa. Cmwlth. 2021). Section 761(a)(1)(i) of the Judicial Code specifies: The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings against the Commonwealth government, including any officer thereof, acting in his official capacity, **except** "actions or proceedings in the nature of applications for a writ of habeas corpus or **post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court**[.]" 42 Pa.C.S. § 761(a)(1)(i) (emphasis added).

In *Dockery*, Dockery filed a petition for review against Governor Wolf and others in this Court's original jurisdiction challenging, *inter alia*, the constitutionality of the sentencing court's authority to impose a life sentence without parole under Section 1102(b) of the Crimes Code, 18 Pa.C.S. § 1102(b) (relating to second degree murder), because such language is not included in that statutory provision. Governor Wolf filed preliminary objections on the basis that this Court lacked jurisdiction over Dockery's PCRA claim. Because, based on the claims raised and relief sought, Dockery's petition for review was "in the nature of [an] application [] for . . . post-conviction relief[,]" *Dockery*, 259 A.3d at 571 (quoting

---

[8] Section 9542 of the PCRA provides, in relevant part:

> This subchapter provides for an action by which . . . persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S. § 9542.

5

42 Pa.C.S. § 761(a)(1)(i)), and it was not ancillary to any proceedings within this Court's appellate jurisdiction, this Court sustained the preliminary objections.

Here, as in *Dockery*, Green challenges that his life sentence violated the Pennsylvania Constitution because the Crimes Code sentencing provision did not specify that his life sentence was without the opportunity for parole. Green's Petition similarly presents an illegal sentence claim cognizable under the PCRA. *See Moore*; *see also Dockery*. Because Green's Petition does not identify, and this Court cannot glean therefrom, that Green's PCRA application is ancillary to any proceedings within this Court's appellate jurisdiction, this Court lacks original jurisdiction over the Petition. *See* 42 Pa.C.S. § 761(a)(1)(i); *see also Dockery*. Accordingly, this Court sustains Governor Wolf's First Preliminary Objection.

> Nonetheless, we will not dismiss the Petition. Instead, we will transfer the matter to the "proper tribunal" pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), which provides:

>> (a) General rule.--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

> As the Court lacks jurisdiction over this matter, given that the action is cognizable under the PCRA, the matter shall be transferred to the appropriate court of common pleas. *See* 42 Pa.C.S. § 9545(a) (providing that "[o]riginal jurisdiction over a proceeding under this subchapter shall be in the court of common pleas"); Pa.R.Crim.P. 901(B) (providing that "[a] proceeding for post-conviction collateral relief shall be initiated by filing a petition and [three] copies with the clerk of the court in which the defendant was convicted and sentenced"). In this case, the proper court is the Court of Common Pleas of [Philadelphia] County.
>
> Accordingly, we sustain Governor Wolf's [First] [P]reliminary [O]bjection asserting lack of jurisdiction . . . , and we transfer the matter to the Court of Common Pleas of [Philadelphia] County, the court of record in which [Green] was convicted and sentenced.

*Henry v. Wolf*, 256 A.3d 48, 53 (Pa. Cmwlth. 2021) (footnotes omitted); *see also Dockery*.

> As the Court lacks jurisdiction over this matter, we do not address the remaining [P]reliminary [O]bjections brought by Governor Wolf . . . . Moreover, we note that our transfer of this matter to the sentencing court for consideration as an action under the PCRA may require the sentencing court to address [the] additional issues . . . . Given this Court's lack of jurisdiction, however, we are without the ability to address them.

*Henry*, 256 A.3d at 53 n.9.

### Conclusion

Based on the foregoing, Governor Wolf's First Preliminary Objection is sustained, and the matter shall be transferred to the Philadelphia County Common Pleas Court for further disposition.

_____
ANNE E. COVEY, Judge

7

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

| | |
|---|---|
| K.D. Green, | : |
|        Petitioner | : |
| | : |
|    v. | : |
| | : |
| Tom Wolf, Governor of | : |
| Pennsylvania, | :   No. 336 M.D. 2021 |
|        Respondent | : |

<u>O R D E R</u>

AND NOW, this 5th day of July, 2022, Governor of Pennsylvania Tom Wolf's Preliminary Objection raising lack of jurisdiction is hereby SUSTAINED, and the Prothonotary is directed to transfer this matter to the Philadelphia County Common Pleas Court for further disposition.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge