# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Jacob,                             :
                    Petitioner          :
                                        :
              v.                        :
                                        :
Pennsylvania Department of              :
Corrections,                            :   No. 337 M.D. 2023
                    Respondent          :   Submitted: July 5, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  August 29, 2024

Before this Court are the Pennsylvania Department of Corrections' (Department) preliminary objections (Preliminary Objections) to John Jacob's (Jacob) Petition for Review (Petition), and Jacob's Application for Summary Relief (Application).  After review, this Court sustains the Department's Preliminary Objection that Jacob's claim is barred by collateral estoppel/res judicata, dismisses the Petition, and dismisses the Application as moot.

## Facts

On May 12, 1999, the Philadelphia County Common Pleas Court (Philadelphia Common Pleas) convicted Jacob of first-degree murder and sentenced him to life in prison (Original Sentence).  *See* Petition ¶ 4; *see also* Petition Ex. A

(Sentence Summary). Jacob began serving his sentence on December 21, 1997.[1] *See* Petition ¶ 4. In 2002, the Centre County Common Pleas Court sentenced Jacob to a consecutive sentence of $1\frac{1}{2}$ to 5 years for the charge of Weapon or Implement for Escape (2002 Sentence). *See* Petition ¶ 5; *see also* Petition Ex. B (2002 Sentence Status Summary); Petition Ex. D (Sentence Status Summary).

On September 19, 2018, Philadelphia Common Pleas resentenced Jacob to 30 years to life, to run consecutively to the 2002 Sentence that had not yet begun (2018 Sentence).[2] *See* Petition ¶ 6; *see also* Petition Ex. C (Resentencing Order). Philadelphia Common Pleas specified that Jacob would receive credit for time served on his Original Sentence. *See* Petition ¶ 6. The Department did not aggregate the two consecutive sentences pursuant to the 2018 Resentencing Order, and recalculated Jacob's sentence without crediting the Original Sentence for a five-year period from January 22, 2002 to January 22, 2007.[3] *See id*. The Department explained that it recalculated the correct aggregation, making Jacob eligible for parole on his minimum sentence date of December 22, 2032. *See id*.; *see also* Petition Ex. D (Summary or Remarks on Sentence).

Jacob unsuccessfully filed grievances with the Department in 2019, therein challenging the Department's sentence recalculation, asserting that the two consecutive sentences had to be aggregated, without loss of credit. *See* Petition ¶ 9; *see also* Petition Ex. G (Grievances and Responses thereto). The Department denied administrative relief, asserting that it had recalculated the sentence correctly. *See*

---

[1] Although not stated in the Petition for Review or the attachments thereto, it appears that Jacob was arrested in 1997, and was held in custody while awaiting trial. Because his pre-trial time was credited to his sentence, his sentence became effective before his conviction and sentencing.

[2] Jacob, a juvenile at the time of the murder, was awarded sentencing relief in 2018 on the murder conviction pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. *See* Petition ¶ 6.

[3] That five-year period was the maximum of the $1\frac{1}{2}$- to 5-year sentence that had not yet begun to run as of the September 19, 2018 resentencing. *See* Petition ¶ 7.

Petition ¶ 9.  After failing to obtain relief from the Department, Jacob filed a mandamus petition in this Court.  *See* Petition ¶ 10.  In response, the Department filed preliminary objections defending its calculation of the two sentences, and a brief in support thereof.  *See id.*; *see also* Petition Ex. E (Dep't preliminary objections and brief).  On May 8, 2020, this Court sustained the Department's preliminary objections, held that the Department's sentence and credit calculations were correct, and dismissed the action.  *See* Petition ¶ 11; *see also Jacob v. Dep't of Corr.* (Pa. Cmwlth. No. 429 M.D. 2019, filed May 8, 2020) (*Jacob I*).  Thereafter, Jacob, through counsel, asked the Department to correct its calculation of his sentences.  *See* Petition ¶ 12.  The Department responded that the sentences are now correctly calculated and, if Jacob disagrees, he should seek relief in the courts.  *See id.*

On August 1, 2023, Jacob filed the Petition in this Court's original jurisdiction asking this Court to

> order the Department to aggregate the minimum sentences of the two consecutive sentences into one minimum sentence, and to award full credit as ordered by [Philadelphia Common Pleas] and required by law.  This Court's order to aggregate the sentences and reward full credit is requested to specify a sentence of $31\frac{1}{2}$ years [to] life, plus 5 years, with a parole eligibility date of June 21, 2029.

Petition ¶ 23.  On August 23, 2023, the Department filed its Preliminary Objections.  On August 28, 2023, Jacob filed the Application.  On August 29, 2023, the Department filed its Answer to the Application.  On September 6, 2023, Jacob filed his Answer to the Preliminary Objections.  All briefs have been filed and the matter is now ripe for review.

3

## Discussion

Initially,

> [i]n ruling on preliminary objections, [this Court] must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. [This] Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, [this C]ourt must confine its analysis to the [petition for review].

*McNew v. E. Marlborough Twp.*, 295 A.3d 1, 8-9 (Pa. Cmwlth. 2023) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted)). "'[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 311 n.1 (Pa. Cmwlth. 2019).

The Department first argues that Jacob's Petition is barred by collateral estoppel and res judicata.[4] Specifically, the Department contends that Jacob is

---

[4] Although collateral estoppel is an affirmative defense that should not be raised by preliminary objection, this procedural irregularity may be waived by failing to formally challenge it by filing preliminary objections to the preliminary objections. *Stilp v. Commonwealth*, 910 A.2d 775 (Pa. Cmwlth. 2006). Here, [Jacob] did not formally challenge the procedure by which this issue was

4

attempting to relitigate an action identical to one this Court decided in *Jacob I*. Jacob rejoins that the Department fails to acknowledge that res judicata is not a barrier to relief on the merits where the prior decision is clearly erroneous and to sustain it would be a manifest injustice.

At the outset,

> [t]he judicial doctrine of *res judicata* "bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action." *Appeal of Coatesville Area Sch. Dist.*, . . . 244 A.3d 373, 378 ([Pa.] 2021). For the bar of *res judicata* to apply, both actions must have "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." *Id*. at 379 (citations and internal quotation marks omitted). . . .

> Collateral estoppel bars re-litigation of an issue decided in a prior action. [*Id*.] at 379. Collateral estoppel may be applied only if both cases involve the same issue, the prior action was litigated to a final judgment on the merits, the party to be estopped was a party or was in privity with a party to the prior action and had a full and fair opportunity to litigate the issue in the prior action, and "resolution of the issue in the prior proceeding was essential to the judgment." *Id*.

*Clark v. Keystone Lawn Spray*, 302 A.3d 820, 824-25 (Pa. Cmwlth. 2023) (quoting *Pocono Mountain Sch. Dist. v. Kojeszewski (Workers' Comp. Appeal Bd.)*, 280 A.3d 12, 17-18 (Pa. Cmwlth. 2022)).

> Thus, "where particular questions of fact essential to the judgment are actually litigated and determined by a final valid judgment, the determination is conclusive between the parties in any subsequent action on a different cause of action." *Williams v. Workers' Comp. Appeal Bd. (S. Hills*

raised; as such, we may consider the merits of this [preliminary] objection.

*Unified Sportsmen of Pa. v. Pa. Game Comm'n*, 950 A.2d 1120, 1129 n.3 (Pa. Cmwlth. 2008).

*Health Sys.*), 877 A.2d 531, 535 (Pa. Cmwlth. 2005) (quoting *Patel v. Workmen's Comp. Appeal Bd. (Sauquoit Fibers Co.)*, . . . 488 A.2d 1177, 1179 ([Pa. Cmwlth.] 1985)). "Application of [*res judicata* or] collateral estoppel in a particular case is a question of law . . . ." *Pa. Bd. of Prob. & Parole v. Pa. Hum. Rels. Comm'n*, 66 A.3d 390, 395 (Pa. Cmwlth. 2013).

*Clark*, 302 A.3d at 825.

In *Jacob I*, Jacob filed the petition for review, pro se, in this Court's original jurisdiction seeking "mandamus relief in the form of an order compelling [the Department] to properly compute his sentence." *Jacob I*, slip op. at 5. Jacob asserted in *Jacob I*, that

> by structuring his sentence the way it has, [the Department] "turned what should have been a $31\frac{1}{2}$ years to [l]ife [sentence] into [a] 35 years to [l]ife [sentence]," and[,] therefore, his "sentence should be restructured in a manner that honor[]s . . . [the] initial intent to run the [2002 Sentence] consecutively to the [Original S]entence or, in the alternative, that the [2002 S]entence be vacated and the matter remanded . . . for resentencing."

*Jacob I*, slip op. at 4. The Department filed preliminary objections in the form of a demurrer, which this Court sustained. The *Jacob I* Court held:

> Accepting as true the material allegations set forth in the [p]etition [for review] and the documents attached thereto, as we must, we conclude that "it is clear and free from doubt" that the [p]etition [for review] "will not permit recovery under the alleged facts." *Allen*, 103 A.3d at 369. **The arguments [Jacob] raises in the [p]etition [for review] should have been directed to the resentencing court at resentencing or in a post-sentence motion following its issuance of the Resentencing Order** and not in this action in mandamus because [the Department's] Sentence Summary merely reflects the directives set forth in the Resentencing Order.

*Jacob I*, slip op. at 11-12 (emphasis added).

6

Similarly here, Jacob filed the Petition in this Court's original jurisdiction seeking mandamus relief in the form of an order compelling the Department to properly compute his sentence. Jacob makes the same arguments herein that he made in *Jacob I*, which this Court ruled would not permit recovery. Jacob asserts that this Court's prior rulings and its order denying mandamus relief are clearly erroneous. Jacob contends that because the result of that erroneous decision is to delay Jacob's parole eligibility for over three years, this Court should now correct this manifest injustice.

Specifically, Jacob asserts that he did not challenge the Sentencing Order; rather, he claimed, and he is claiming now, that the Department's sentencing calculations unlawfully deprived him of five years of credit on his Original Sentence, and that the Department failed to aggregate the consecutively imposed sentences. However, as the *Jacob I* Court explained:

> In his [p]etition, [Jacob] essentially argues that his sentence should be restructured so that the 2002 Sentence runs consecutive to the 2018 Sentence, and not vice versa. However, [the Department] had no choice but to structure [Jacob's] sentence as it did because, when [Jacob] was resentenced, the resentencing court ordered the 2018 Sentence to run **consecutive** to the 2002 Sentence. "The law is clear that [the Department] is 'an executive branch agency that is charged with faithfully implementing sentences imposed by the courts.' *Allen*, 103 A.3d at 372 (quoting *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005)). As such, [the Department] is charged with implementing the Resentencing Order as written.

*Jacob I*, slip op. at 7 (internal record citation omitted).

> The *Jacob I* Court expounded:

> [The Department] was required to structure [Jacob's] sentence so that the 2018 Sentence runs **consecutive** to the 2002 Sentence. . . . [T]his is because [the Department] is charged with implementing sentences imposed by the courts and because the resentencing court, in the plain

7

language of the Resentencing Order, ordered the 2018 Sentence to be served consecutive to the 2002 Sentence. *See Allen*, 103 A.3d at 372 (citation omitted); *Powell* [*v. Pa. Dep't of Corr.*], 14 A.3d [912,] 915-16 [(Pa. Cmwlth. 2011)] (citation omitted). This Court does not have the authority to compel [the Department] to restructure [Jacob's] sentence, as [Jacob] requests, because Section 9721(a) of the Sentencing Code, 42 Pa.C.S. § 9721(a), "affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014). Challenges to "the discretionary aspects of sentencing must be raised in a post-sentence motion," pursuant to Pennsylvania Rule of Criminal Procedure 720, Pa.R.Crim.P. 720, "or by raising the claim during the sentencing proceedings." *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003). This action is collateral to that of the 2018 Sentence. As such, the sentence structure set forth in the Resentencing Order is controlling until altered in a direct action, such as at a sentencing hearing or in a post-sentence motion. *See Powell*, 14 A.3d at 916.

*Jacob I*, slip op. at 8-9 (footnote omitted).

The *Jacob I* Court concluded:

Therefore, [Jacob's] arguments challenging the manner in which [the Department] structured his sentence, which is consistent with the plain language of the Resentencing Order, should have been raised before the resentencing court at the resentencing hearing or in a post-sentence motion after the issuance of the Resentencing Order, not in an action seeking mandamus. *See Allen*, 103 A.3d at 370.

*Jacob I*, slip op. at 9. This Court discerns no error in the *Jacob I* Court's reasoning and conclusion. Because the issue of whether the Department correctly calculated Jacob's sentence and credit for time served was litigated and determined by valid judgment, that determination is conclusive herein. *See Clark*. Thus, Jacob's Petition is barred by collateral estoppel and res judicata. Accordingly, this Court sustains the

8

Department's Preliminary Objection that Jacob's claim is barred by collateral estoppel/res judicata and dismisses the Petition.[5]

## Conclusion

For all of the above reasons, the Department's Preliminary Objection that Jacob's claim is barred by collateral estoppel/res judicata is sustained, and the Petition is dismissed.  The Application is dismissed as moot.


_____

ANNE E. COVEY, Judge

---

[5] Based on the disposition of this Preliminary Objection, this Court need not address the Department's other Preliminary Objections, and Jacob's Application is moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Jacob, :
                Petitioner :
                 :
        v. :
                 :
Pennsylvania Department of :
Corrections, : No. 337 M.D. 2023
                Respondent :

## O R D E R

AND NOW, this 29th day of August, 2024, the Pennsylvania Department of Corrections' Preliminary Objection that John Jacob's (Jacob) claim is barred by collateral estoppel/res judicata is SUSTAINED, and Jacob's Petition for Review is DISMISSED.  Jacob's Application for Summary Relief is DISMISSED as moot.

_____

ANNE E. COVEY, Judge